| | |
|---|---|
| **ARMAS & JOSEPH, APC**<br>Andrei Armas, Esq. (299703)<br>aa@armasjoseph.com<br>1712 W. Beverly Blvd., Suite 201<br>Montebello, CA 90640<br>Telephone: (213) 669-2984 | **LOKER LAW, APC**<br>Matthew M. Loker, Esq. (279939)<br>matt@loker.law<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420<br>Telephone: (805) 994-0177 |

*Attorneys for Plaintiff,*
Christina Brown

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINA BROWN,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CREDIT MANAGEMENT, LP,** a Nevada limited partnership; and, **DOES 1-10,** inclusive,<br><br>Defendants. | Case No.: 2:24-cv-8818<br><br>**COMPLAINT FOR DAMAGES AND VIOLATOINS OF:**<br><br>1) **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, U.S. Code §§ 1692, Et Seq.**<br><br>2) **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code §§ 1788, Et Seq.**<br><br>3) **VIOLATION OF THE CALIFORNIA IDENTITY THEFT LAW, Cal. Civ. Code §§ 1798.92 Et Seq.**<br><br>4) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, Cal. Civ. Code §§ 1785.1, Et Seq.**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Similarly, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. CHRISTINA BROWN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the debt collection efforts of the defendants, CREDIT MANAGEMENT, LP ("CM") (collectively CM and Does, as defined below, are referred to as "Defendants"), with regard to an alleged debt allegedly owed by Plaintiff to Defendants. Specifically, as represented to and disputed with Defendants, Plaintiff was a victim of identity theft and does not owe the amounts sought by Defendants during the course of their debt collection efforts (collectively, this paragraph and the subsequent paragraphs are referred to as

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

the "Complaint").

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's attorneys, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

## JURISDICTION AND VENUE

6. This action arises out of Defendants' violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("RFDCPA"); (3) the California Identity Theft Law, California Civil Code §§ 1798.92 et seq. ("CITL"); and (4) California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.1, et seq. ("CCRAA").

7. Subject matter jurisdiction is established pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. Personal jurisdiction is established because, at all times relevant, Defendants conduct business within the County of Santa Barbara and in the State of California, and for the reasons described above and below.

9. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the Plaintiff resides in this judicial district; and, (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business in this judicial district at all times relevant.

## PARTIES

10. Plaintiff is, and at all times relevant was, a natural person who resides in the County of Santa Barbara, State of California, and from whom Defendants sought to collect an alleged debt not owed and disputed by Plaintiff.

ARMAS & JOSEPH, APC
1712 W. BEVERLY BLVD., STE. 201
MONTEBELLO, CA 90640

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

11. CM is a Nevada limited partnership with a principal place of business in the State of Texas.

12. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of defendants sued herein as DOES 1 through 10, inclusive ("Does"), are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each defendant designated as a Does is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these Does defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

13. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Does were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

14. Unless otherwise indicated, the use of Defendants names in this Complaint includes its/their respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

15. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

16. At all times relevant, Defendants conducted business in the County of Santa Barbara and in the State of California.

17. Sometimes around June 28, 2024, Plaintiff noticed that she was the victim of identity theft.

18. Specifically, Plaintiff noticed that Defendants had reported on her credit report a credit account, account number 3890**** ("Account"), fraudulently opened by a fraudster in her name, without her knowledge or consent, and through Comcast Cable.

19. On or around June 28, 2024, Plaintiff filed a police report regarding the fraudulent Account.

20. On or around July 02, 2024, Plaintiff filed an FTC identity theft report regarding the fraudulent Account.

21. Sometime after filing the police report and FTC identity theft report, Plaintiff disputed the Account with Defendants and provided copies of the police report and FTC identity theft report.

22. However, as late as July 17, 2024, Defendants attempted to collect from Plaintiff an alleged debt that was not owed by her regarding the Account, including by continuing the reporting of the Account on Plaintiff's credit report.

23. Through this conduct, Defendants took actions against Plaintiff concerning the alleged debt in violation of the FDCPA and RFDCPA.

24. Specifically, through this conduct, Defendants violated the FDCPA and RFDCPA by: (i) using false representations and deceptive means to collect Plaintiff's alleged debt, including – but not limited to – the false representations regarding the amount owed and legal status of the alleged debt – including by submitting false information regarding Plaintiff's credit history and attempting to collect a debt not owed by Plaintiff, per 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, and also per Cal. Civ. Code §§ 1788.13(e) and 1788.14(b); (ii) engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt, including – but not limited to – the false

representations regarding the amount owed and legal status of the alleged debt – including by submitting false information regarding Plaintiff's credit history and attempting to collect a debt not owed by Plaintiff, per 15 U.S.C. §§1692f and 1692f(1), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, and also per Cal. Civ. Code §§ 1788.13(e) and 1788.14(b); and (iii) engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff, including – but not limited to – the false representations regarding the amount owed and legal status of the alleged debt – including by submitting false information regarding Plaintiff's credit history and attempting to collect a debt not owed by Plaintiff, per 15 U.S.C. §1692d, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, and also per Cal. Civ. Code §§ 1788.13(e) and 1788.14(b).

25. Through this conduct, Defendants also took actions against Plaintiff concerning the alleged debt in violation the CITL.

26. Specifically, and through their conduct, Defendants violated California's Civil Code Section 1798.92 et seq. by attempting to collect a debt not owed by Plaintiff and by continuing debt collection activities against Plaintiff after she disputed the debts and had reported to Defendants the identity theft situation.

27. Through this conduct, Defendants also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should know was inaccurate.

28. Defendants' reporting was unreasonable and inaccurate.

29. More specifically, Defendants should have discovered from their own records, that the information being reported was inaccurate and materially misleading given that the Plaintiff was a victim of identity theft, there should have been an account at all as it pertained to Defendants.

30. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and, to not conduct a simple inquiry regarding Plaintiff's account information on file.

31. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

32. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    A. Monies lost by attempting to fix her credit;

    B. Loss of time;

    C. Loss of credit opportunities;

    D. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

    E. All conditions precedent to the filing of this action have occurred.

33. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

34. Defendants' conduct has caused Plaintiff emotional distress.

35. Plaintiff has spent significant amounts of time disputing this inaccurate information in an attempt to provide any and all information needed for the investigations.

36. Plaintiff was thorough in Plaintiff's dispute at all times.

37. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent significant amounts of time and suffered pecuniary loss in attempting to correct Defendant's

inaccurate and derogatory information.

38. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### U.S. Code §§ 1692, Et Seq
### [AGAINST ALL DEFENDANTS.]

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff is, and at all times relevant was, a "consumer" (i.e., a natural person obligated or allegedly obligated to pay a debt) pursuant to 15 U.S.C. § 1692a(3) or §1692c(d).

41. Defendants are each, and at all times relevant were, "debt collector" (i.e., an entity with a principal purpose of the collection of debt, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another) within the meaning of 15 U.S.C. § 1692a(6).

42. Defendants sought to collect a "debt" (i.e., any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes) from Plaintiff and pursuant to 15 U.S.C. §1692a(5).

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including (i) per 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10); (ii) per15 U.S.C. §§1692f and 1692f(1); and (iii) per15 U.S.C. §1692d.

44. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, Et Seq.
### [AGAINST ALL DEFENDANTS]

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff is, and at all times relevant was, a "person" (i.e., a natural person) as defined by California Civil Code § 1788.2(g).

48. Defendants are each a "person" (i.e., a natural person, partnership, corporation, limited liability company, trust, estate, cooperative, association, or other similar entity) within the meaning of California Civil Code § 1788.2(g).

49. Defendants sought to collect a "debt" (i.e., money… alleged to be due or owing from a natural person to another person) and/or a "consumer debt" (i.e., money ... alleged to be due or owing from a natural person by reason of a consumer credit transaction) as defined California Civil Code § 1788.2(d) and (f), which was alleged to be due and owing from Plaintiff to Defendants. Specifically, Defendants sought to collect money alleged to be due by Plaintiff to Defendants for the use of the Loan that was used primarily for personal, family, or household purposes and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e).

50. Plaintiff is therefore a "debtor" (i.e., a natural person from whom a debt collector seeks to collect a consumer debt that is due and owing or alleged to be due and owing from such person) as that term is defined by California Civil Code § 1788.2(h).

51. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" (i.e., any act or practice in connection with the collection of consumer debts) as defined by California Civil Code § 1788.2(b) and are therefore a "debt collector(s)" (i.e., any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection) as the term is defined by California Civil Code § 1788.2(c).

52. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including (i) per Cal. Civ. Code § 1788.17, (ii) per Cal. Civ. Code §§ 1788.13(e) and 1788.14(b); (iii) per Cal. Civ. Code §§ 1788.13(e) and 1788.14(b); and (iv) per Cal. Civ. Code §§ 1788.13(e) and 1788.14(b).

53. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

54. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## COUNT III
### VIOLATION OF THE CALIFORNIA IDENTITY THEFT LAW, Cal. Civ. Code §§ 1798.92 Et Seq.
### [AGAINST ALL DEFENDANTS]

55. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

56. Plaintiff is the "Victim of Identity Theft" as define by California Civil Code § 1798.92(b) and (d), and further explained by California Civil Code § 1798.92(c). Specifically, someone used Plaintiff's personal identifying information to open the Account, and Plaintiff filed a police report and FTC Identity Theft Affidavit regarding the same.

57. Defendants are a "Claimant" (i.e., a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft) as define California Civil Code § 1798.92(a). Specifically, Defendants have alleged claims for money as a result of identity theft.

58. Plaintiff was damaged in that Defendants attempted to collect a debt not owed by her.

59. In continuing debt collection activities against Plaintiff after she had reported to Defendants the identity theft situation – including in writing, Defendants willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

60. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, emotional distress including anxiety, worry, stress, embarrassment, humiliation, and is also entitled to attorney's fees and costs under the CITL. In addition, Plaintiff alleges that Defendants specifically violated Civ. Code Section 1798.93(c)(6), thereby entitling her to a $30,000.00 penalty, in addition to any other damages which may be assessed.

61. Defendants conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, injunctive relief as well as such other relief, permitted by law.

### COUNT IV
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, Cal. Civ. Code §§ 1785.1, Et Seq
### [AGAINST ALL DEFENDANTS]

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

64. In the regular course of its business operations, Furnishers routinely furnish information to credit reporting agencies pertaining to transactions between the Furnishers and the Furnishers' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

65. Because the Furnishers are a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), the Furnishers are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

66. Since the Defendant received all documents required to determine the inaccuracy of the Defendant's reporting, the Defendant should have known to update said reporting.

67. Defendant also should have determined that the Defendant's reporting was inaccurate through review of their own account notes and records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

- An award pursuant to Cal. Civ. Code § 1798.93(c) against Defendants:
    - That Plaintiff has not obligation on the alleged debt associated with the Account;
    - That any security interest or other interest that had been purportedly obtained in the victim's property in connection with that claim is void and unenforceable;
    - An injunction restraining further collection or collection attempts to collect from the victim on that claim, from enforcing or

attempting to enforce any security interest or other interest in the victim's property in connection with that claim, or from enforcing or executing on any judgment against the victim on that claim.

- Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate.
- A civil penalty, in addition to any other damages, of up to thirty thousand dollars ($30,000).

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against all Defendants;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against all Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against all Defendants;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against all Defendants;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against all Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against all Defendants;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against all Defendants;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d), against all Defendants;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B), against all Defendants;
- Punitive damages according to proof as to the CCCRAA claims, against all Defendants;

- Awarding declaratory relief that Defendants violated Plaintiffs's rights under the FDCPA, RFDCPA, CITA and CCRAA, and as described herein; and,

- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

68. Pursuant to the Constitution of the United States of America and California, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 14, 2024                                          Respectfully submitted,

**ARMAS & JOSEPH, APC**

By: ___/s/ Andrei Armas, Esq.___
ANDREI ARMAS, ESQ.
ATTORNEY FOR PLAINTIFF

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker, Esq.___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**PROOF OF SERVICE**